UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH HOWARD ORTKIESE** : | CIVIL ACTION NO. 2:14-cv-861 |
| BOP #16717-075 | SECTION P |
| **VERSUS** : | JUDGE TRIMBLE |
| **JAMES B. MCCARTY, ET AL** : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is a *pro se* civil rights complaint[1] filed *in forma pauperis* by the plaintiff Joseph Howard Ortkiese (herein "Ortkiese), an inmate currently being held at the Federal Correctional Institute in Oakdale, Louisiana (hereafter "FCIO"). His complaint, however, concerns actions taken while he was housed at the satellite camp at the United States Penitentiary Big Sandy, in Inez, Kentucky (herein "USPBS").

Ortkiese names USPS Officer James B. McCarty ("McCarty") and USPS Disciplinary Hearing Officer J. Lotz ("Lotz") as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the reasons that follow, it is recommended that this matter be **DISMISSED WITH PREJUDICE**.

---

[1] This matter arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 USC § 1983.

# I.
## BACKGROUND

Ortkiese contends that the defendants improperly took away twenty-seven days of his earned good time credit.  Specifically, he claims that on the morning of November 11, 2013, as he was warming up the truck assigned to him for his job, McCarty approached him screaming that he was not to leave the camp compound.  Doc. 1, p. 4.  Ortkiese informed McCarty that he was doing what he did every day and, if there was a problem, McCarty should contact the shift lieutenant to resolve the situation.  *Id.*  The conversation made allegedly made McCarty very angry and he called additional guards.  *Id.*  In the meantime Ortkiese had backed away from McCarty but, when the other guards arrived, McCarty got within inches of his face.  *Id.* Ortkiese pointed out McCarty's behavior to Lt. Feldt, who was present at the scene of the incident.  *Id.* Despite Feldt's insistence that Ortkiese did not do anything wrong, he was nevertheless put in the special housing unit (herein "SHU").  *Id.*

Ortkiese was written up for threatening McCarty with bodily harm and with insolence toward staff (doc. 1, att. 3, p. 11) despite his claim that McCarty has an extensive history of lying about being threatened by inmates.  Doc. 1, p. 4.  A disciplinary hearing was held on November 26, 2013, at which Ortkiese was found guilty of threatening McCarty.  The insolence charge was dropped.  Doc. 1, att. 3, p. 12.  Among other sanctions, Ortkiese lost twenty-seven days of good time as a result of the incident.  Doc. 1, att. 3, p. 13.

Ortkiese filed the instant complaint seeking expungement of the disciplinary report and restoration of the lost good time credit.  Doc. 1, p. 4.  He also asks the court to criminally prosecute McCarty. *Id.*

## II.
## LAW AND ANALYSIS

### A. Screening

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), a district court is directed to dismiss an action if the court determines that the action is frivolous, malicious or fails to state a claim upon which relief can be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. Loss of Good Time Credit

Ortkiese seeks restoration of good time credit. To the extent that the good time was lost as a result of a disciplinary hearing, such claim is not proper in a civil rights suit. "A prisoner cannot, in a § 1983 action, challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceeding." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)). Thus, to the extent that Ortkiese, through this proceeding, seeks restoration of the forfeited "good time" credits, he has failed to state a claim for which relief may be granted and his complaint is subject to dismissal on that

basis. The restoration of forfeited good time credits must be pursued in a *habeas corpus* action filed pursuant to 28 U.S.C. § 2241. *Preiser,* 411 U.S. at 500.

   C. *Criminal Investigation/Charges*

In addition to expungement of the disciplinary charge and restoration of the lost good time credit, Ortkiese asks the court to investigate and consider pursuing criminal charges against McCarty. Such a claim is not cognizable in this civil rights action. Investigations in possible criminal activities and the prosecution of state or federal criminal offenses fall within the exclusive jurisdiction of the executive branch of the state and federal government. See *Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir.2003) (*per curiam*); *Oliver v.. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990) (the decision whether or not to file criminal charges falls within this category of acts that will not give rise to liability under 42 U.S.C. § 1983). Therefore, this claim is frivolous because it lacks an arguable basis in law and should therefore be dismissed with prejudice.

## III.
### CONCLUSION

For the reasons stated,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 13th day of April, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE